UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AV TECHNICAL SUPPORT, INC § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | |
| § | CIVIL ACTION NO. 5:17-CV-934 | |
| § | | |
| ACADIA INSURANCE COMPANY, § | | |
| SOUTH TEXAS CLAIMS & § | | |
| APPRAISAL SERVICE, INC., § | | |
| MARK MASSEY, JAMES AMATO, § | | |
| AND JANET PARKER § | | |
| § | | |
| Defendants. § | | |

**DEFENDANT ACADIA INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Acadia Insurance Company ("Acadia") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Western District of Texas from the 224th Judicial District Court of Bexar County, Texas, and for its Notice of Removal states:

**I.
REMOVAL JURISDICITON**

1.     This action, entitled *AV Technical Support, inc. v. Acadia Insurance Company, South Texas Claims & Appraisal Service, Inc., Mark Massey, James Amato, and Janet Parker*, pending in the 224th Judicial District Court of Bexar County, Texas, Cause No. 2017-CI-15058, was commenced against Defendants via the filing of Plaintiff's Original Petition (the "Petition") on or about August 14, 2017.

Case 5:17-cv-00934-DAE   Document 1   Filed 09/21/17   Page 2 of 7

2. Defendant Acadia was served via certified mail on August 30, 2017. Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff alleges causes of action against Acadia for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. *See* Petition at 15-18. Plaintiff alleges causes of action against the South Texas Claims, Massey, Amato and Parker for violations of the Texas Insurance Code. *See* Petition at 10-15. Plaintiff sued for damages, including actual damages, reasonable attorneys' fees, court costs, 18% statutory penalty damages, exemplary and/or treble damages, pre-judgment interest, post-judgment interest, and additional damages. *See* Petition at 18-19.

4. Plaintiff is a Texas corporation with its principal place of business in Bexar County, Texas. *See* Petition at 1. Defendant Acadia is a corporation formed under the laws of New Hampshire with its principal place of business in Maine. Defendants South Texas Claims & Appraisal Service, Inc., Mark Massey, James Amato and Janet Parker have been improperly joined and their citizenship should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

5. The doctrine of improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). When determining if the second ground for improper joinder is met, the Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6) analysis to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party. *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). A

theoretical basis is not sufficient and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012)(citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

6.  Plaintiff's lawsuit arises from a first-party insurance claim related to its property located in San Antonio, Texas. Plaintiff's lawsuit arises from an insurance claim for hail damage to the roof of its property which allegedly occurred during Acadia policy period. *See* Petition at 3-4. Plaintiff alleges that Acadia assigned the claim to adjuster Janet Parker, who assigned the claim to South Texas Claims and Massey to investigate the loss. *Id.* at 4. According to Plaintiff, Massey "… conducted a substandard inspection of Plaintiff's Property evidenced by the numerous assumptions he made in his adjuster's report regarding the age, material, and condition of the roof." *Id.* at 4. Further, "[Massey's] estimate was sent to Parker, who together with Amato, wrongfully denied Plaintiff's claim." *Id.* at 4.

7.  The alleged actions of South Texas Claims, Massey, Parker, and Amato are indistinguishable from the alleged actions of Acadia. Plaintiff's Original Petition fails to state that South Texas Claims or Massey acted outside their duties as an independent contractor who assisted in the investigation of Plaintiff's claim. Plaintiff's Petition similarly fails to state that Parker or Amato acted outside their duties as adjusters for Plaitniff's claim. As such, Plaintiff fails to distinguish between the allegedly wrongful acts of South Texas Claims, Massey, Parker, and Amato versus those of Acadia, and therefore cannot recover separately from South Texas Claims, Massey, Parker, or Amato. *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 LEXIS 37418, at *4–5 (S.D. Tex. Mar. 19, 2012)(concluding that "because the Plaintiffs' claims against [the adjuster] are

identical to his claims against the corporate Defendants, he fails adequately to state a claim against [the adjuster].").

8.     Although Plaintiff alleges a cause of action against South Texas Claims, Massey, Parker, and Amato for violations of the Texas Insurance Code, the allegations are nothing more than labels, legal conclusions couched as factual allegations, and formulaic recitations of the elements of the cause of action. *See* Petition at 3-15. None of these allegations are sufficient to establish a viable cause of action against South Texas Claims, Massey, Parker, or Amato under Texas law. *Finkelman v. Liberty Mut. Fire Ins. Co.*, No. H:09-CV-03855, 2010 LEXIS 56813, at *19–21 (S.D. Tex. Feb. 4, 2010); *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 LEXIS 99854, at *3 (S.D. Tex. Oct. 27, 2009)(holding that verbatim recitations of claim elements from the Texas Insurance Code without allegations illustrating what actions are specifically attributable to the insurance adjuster are insufficient to state a viable claim against the adjuster); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 LEXIS 60654, at *4 (S.D. Tex. Feb. 20, 2007) (holding that a complaint alleging joint violation of statutory provisions of the Insurance Code by the insurance company and adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]"). Acadia also contends that Plaintiff's allegations regarding unspecified misrepresentations purportedly made by South Texas Claims, Massey, Parker, or Amato fail to comply with the pleading requirements imposed by Federal Rules of Civil Procedure 9(b). *Int'l Energy Ventures Mgmn't*, 818 F.3d at 209. Therefore, there is no reasonable basis for the Court to predict Plaintiff might recover against South Texas Claims, Massey, Parker, or Amato.

9.     For these reasons, there is no reasonable basis to predict Plaintiff might recover against non-diverse Defendants South Texas Claims, Massey, Parker, or Amato given Plaintiff's failure to plead facts which fit a properly pleaded theory of recovery against them. This Court should

disregard the citizenship of South Texas Claims, Massey, Parker, and Amato for purposes of the removal determination.

## II.
## AMOUNT IN CONTROVERSY

10. "Plaintiff is seeking monetary relief over $1,000,000." *See* Exhibit A (Plaintiff's Original Petition at 2). Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## III.
## ATTACHMENTS

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Acadia in the state court action are attached to this notice. *See* Exhibit A.

## IV.
## NOTICE TO STATE COURT

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 224th District Court of Bexar County, Texas.

13. Pursuant to Federal Rule of Civil Procedure 38, Acadia demands a trial by jury.

## V.
## PRAYER

WHISEFORE, PREMISES CONSIDERED, Acadia respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Acadia further request any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/Jennifer G. Martin*
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
S.D. Tex. Bar No. 20770
Email: jennifer.martin@wilsonelser.com
**W. NICHOLAS TERRELL**
Texas State Bar No. 24075149
S.D. Tex. Bar No. 3054007
Email: nick.terrell@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR DEFENDANTS ACADIA INSURANCE COMPANY, SOUTH TEXAS CLAIMS & APPRAISAL SERVICE, INC., MARK MASSEY, JAMES AMATO AND JANET PARKER**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 21st day of September, 2017.

*/s/Jennifer G. Martin*
**JENNIFER G. MARTIN**

Kevin S. Baker
Perry Dominguez
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232